**STATE OF ILLINOIS, Plaintiff,**

v.

**Anne M. GORSUCH, et al., Defendant and Intervening Defendants;**

**ENVIRONMENTAL DEFENSE FUND, INC., et al., Plaintiffs,**

v.

**Gary M. DIETRICH, et al., Defendants and Intervening Defendants;**

**CITIZENS FOR A BETTER ENVIRONMENT, Plaintiff,**

v.

**Anne M. GORSUCH, et al., Defendant and Intervening Defendants;**

**NATIONAL SOLID WASTE MANAGEMENT ASSOCIATION, Plaintiff,**

v.

**Anne M. GORSUCH, et al., Defendant and Intervening Defendants.**

Civ. A. Nos. 78–1689, 78–1715, 78–1734 and 78–1899.

United States District Court, District of Columbia.

Nov. 13, 1981.

Russell R. Eggert, Dean Hansell, Asst. Attys. Gen., Environmental Control Div., Chicago, Ill., for State of Ill.

Anthony Z. Roisman, Chief, Hazardous Waste Section, Land and Natural Resources Div., Dept. of Justice, Washington, D.C., Lisa K. Friedman, Asst. Gen. Counsel, U.S. Environmental Protection Agency, Washington, D.C., for all defendants.

Michael K. Glenn, Chadbourne, Parke, Whiteside & Wolff, Washington, D.C., for intervening defendant American Paper Institute and National Forest Products Assn.

William A. Butler, Washington, D. C., Jacqueline M. Warren, New York City, Khristine L. Hall, Environmental Defense Fund, Washington, D. C., for Environmental Defense Fund.

**341**

Bill S. Forcade, Robert Goldsmith, Citizens for a Better Environment, Chicago, Ill., Ellyn Weiss, Sheldon, Harmon, Roisman & Weiss, Washington, D. C., for Citizens for a Better Environment.

William C. Brashares, Charles A. Samuels, Cladouhos & Brashares, Washington, D. C., for National Solid Waste Management Assn.

John R. Quarles, Jr., Morgan, Lewis & Bockius, Stark Ritchie, Washington, D. C., for intervening defendants American Petroleum Institute, Inc., et al.

Thomas H. Truitt, Toni G. Allen, Stanley M. Spracker, Wald, Harkrader & Ross, Washington, D. C., for intervening defendants Central & South West Corp., et al.

John H. Pickering, Andrew T. A. Macdonald, Wilmer, Cutler & Pickering, Washington, D. C., for intervening defendant Manufacturing Chemists Assn.

## MEMORANDUM AND ORDER

GESELL, District Judge.

In a report filed with the Court October 8, 1981, the Administrator of the Environmental Protection Agency requests that the Court allow the Agency additional time to perform its duty under § 3004 of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6924 (1976), to promulgate regulations relating to the design and operation of existing hazardous waste land disposal facilities. This suit was initiated in the Fall of 1978 after EPA had failed to perform its nondiscretionary duty to issue regulations under, *inter alia*, § 3004 of RCRA by April, 1978. Over the last three years the Court has sought diligently to encourage promulgation of the regulations but in response to requests has granted the Agency the following extensions of time:

In January, 1979, the Court directed the Agency to promulgate regulations by December, 1979.

—In December, 1979, the Court set a new deadline of Fall, 1980.

—In April, 1981, the Court directed the Agency to report to the Court on its progress in completing the regulations by September, 1981.

—In September, 1981, the Court granted the Agency to October, 1981, for the filing of its progress report.

The Administrator has failed in each instance to promulgate regulations by these deadlines and now, incomprehensibly, seeks a further two-year extension on the most shallow showing.

A further extension is not warranted. In her report the Administrator states that regulations governing land disposal of hazardous wastes raise technical and policy issues of great complexity and the Agency's prior research and analysis, conducted for the most part under the supervision of the prior Administrator, do not provide an adequate basis for resolving these issues. The fact that RCRA directs the Administrator to promulgate regulations within eighteen months of the Act indicates that Congress did not direct the Agency to resolve every conceivable problem before issuing regulations. In the more than five years since RCRA was enacted the Agency has had the opportunity to consider various regulatory approaches and numerous comments and suggestions by the affected interests. The Agency may fulfill its mandate to issue regulations as well as satisfy its lingering technical and policy concerns by issuing regulations and later consider revision if the Agency's understanding and expertise expand.

The Court denies the request of the Administrator for a further two-year extension and directs the Administrator to promulgate regulations for existing hazardous waste land disposal facilities on or before February 1, 1982. No further extensions will be granted under any circumstances.

SO ORDERED.